UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | | |
|---|---|---|---|
| LINNELL RICHMOND, JR., | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 3:95-CR-126-TAV-CCS-3 |
| | ) | | 3:16-CV-307-TAV |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## **MEMORANDUM AND ORDER**

Before the Court is Linnell Richmond's ("Petitioner") pro se motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 [Doc. 271]. His claim for collateral relief relies on *Johnson v. United States*, 135 S. Ct. 2551 (2015) [*Id.*]. Since it does not plainly appear from the face of the motion that it should be summarily dismissed, the United States is **ORDERED** to file an answer or other pleading within **thirty (30)** days from the date of this Order. *See* Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Although a reply answer is not necessary, if Petitioner wishes to file a reply, he **SHALL** file that reply within **thirty (30)** days from the date the government files its answer with the Court. *See* Rule 5(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts. The Court directs Petitioner's attention to L.R. 7.1(b), which provides that briefs "shall not exceed 25 pages in length[,]" and L.R. 7.1(b), which provides that any reply must directly reply to the points and authorities in the government's answer and shall not be used to reargue the points and authorities included in his § 2255 motion or to present any new issues.

Petitioner has also submitted a motion requesting the Court appoint counsel to assist in the litigation of his *Johnson*-based claim for collateral relief [Doc. 272]. By a standing order

entered on February 11, 2016, the Court instructed the Federal Defender Services ("FDS") to "identify defendants with a claim for relief under *Johnson*" and appointed FDS to "represent any defendant who seeks relief under § 2255 in light of *Johnson*." *See* E.D. Tenn. SO-16-02 (Feb. 11, 2016). Thus, the Court has already appointed counsel to look into whether Petitioner has a claim under *Johnson* and given FDS leave to supplement Petitioner's filings where appropriate. Accordingly, the request for counsel [Doc. 272] is **DENIED as moot** in light of the fact that FDS has already been appointed.

The Clerk's Office is **DIRECTED** to serve the Order upon Beth Ford at Federal Defender Services of Eastern Tennessee by electronic notification through the Court's CM/ECF System. *See generally* E.D. Tenn. S.O. 16-02 (Feb. 11, 2016).

**IT IS SO ORDERED.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE