UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No.: 3:95-CR-126-TAV-DCP-3 |
| LINNELL RICHMOND, JR., | ) |
| Defendant. | ) |

## **ORDER**

Defendant asks the Court [Doc. 294] to consider whether he is entitled to a sentence reduction pursuant to Section 403 of the First Step Act because two of the multiple offenses of which he was convicted violated 18 U.S.C. § 924(c), *United States v. Richmond*, 129 F.3d 1266, 1997 WL 720469, at *1 (6th Cir. Nov. 12, 1996) (Table), and the First Step Act modified the way courts sentence repeat offenders under § 924(c). First Step Act of 2018, Pub. L. No. 115-391, § 403, 132 Stat. 5194, 5221–22 (2018). The government has responded in opposition [Doc. 300].

Section 403 expressly states that it applies to offenses committed before the First Step Act's date of enactment "if a sentence for the offense has not been imposed as of such date of enactment," § 403, 132 Stat. at 5222, and the Sixth Circuit has confirmed that § 403 does not apply retroactively to defendants sentenced prior to the act's enactment. *United States v. Richardson*, 948 F.3d 733, 737 (6th Cir. 2020) (holding that defendant who was convicted under § 924(c) could not "benefit from the First Step Act because the district court resentenced him more than one year before the Act became

law"). Defendant was sentenced on June 7, 1996, *Richmond*, 1997 WL 720469, at *1, prior to the enactment of the First Step Act. Accordingly, the Court lacks the authority to reduce defendant's sentence under § 403. His motion [Doc. 294] will therefore be **DENIED with prejudice**. All provisions of the judgment dated June 7, 1996 shall remain in effect.

    IT IS SO ORDERED.

        s/ Thomas A. Varlan
        UNITED STATES DISTRICT JUDGE