UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:95-CR-126-TAV-DCP-3 |
| | ) | | 3:16-CV-307-TAV-DCP |
| LINNELL RICHMOND, JR., | ) | | |
| | ) | | |
| Defendant. | ) | | |

**MEMORANDUM OPINION AND ORDER**

This action is before the Court on defendant's Motion Pursuant Rule 60(b) [Doc. 302] and Motion Rule 60(b) [Doc. 311].[1] Defendant moves the Court to relieve him from the judgment denying and dismissing with prejudice his motion for post-conviction relief pursuant to 28 U.S.C. § 2255 [Doc. 271] and raises new claims collaterally attacking his sentence. Because the Court finds that defendant's motions are an unauthorized second or successive motion under § 2255, it will **TRANSFER** his motions to the Sixth Circuit Court of Appeals.

I.      **Background**

In 1995, a jury convicted defendant of conspiring to interfere with commerce by violence, in violation of 18 U.S.C. § 371; aiding and abetting a Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2; two counts of aiding and abetting the use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); and aiding

---

[1]  Document numbers refer to defendant's criminal case unless otherwise noted.

and abetting the possession of a machine gun, in violation of 18 U.S.C. § 922(o). *United States v. Richmond*, Nos. 96-5879, 96-5880, 96-5886, 1997 WL 720469, at *1 (6th Cir. Nov. 12, 1997) (per curiam). Defendant was sentenced to an aggregate term of 441 months' imprisonment. The Sixth Circuit affirmed his convictions and sentence, and the Supreme Court denied certiorari. *See id*.; *Richmond v. United States*, 523 U.S. 1032 (1998).

In June 2016, Defendant filed a § 2255 motion [Doc. 271] for a lesser sentence in light of *Johnson v. United States*, which invalidated the residual clause of the Armed Career Criminal Act. 135 S. Ct. 2551, 2563 (2015). This Court held that defendant's § 924(c) convictions must stand because Hobbs Act Robbery qualifies as a crime of violence under the force clause, and defendant's motion was denied [Docs. 295, 296]. Defendant filed a motion for reconsideration in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), which invalidated the residual clause of § 924(c), which was also denied [Docs. 21, 26, No. 3:16-cv-307]. Defendant applied for a certificate of appealability on that order and authorization to file a second or successive § 2255 motion, both of which were denied by the Sixth Circuit [Doc. 299; Doc. 29, No. 3:16-cv-307]. He filed a second motion for reconsideration which was denied [Docs. 30, 31, No. 3:16-cv-307]. He appealed this Court's order denying his second motion for reconsideration, which the Sixth Circuit interpreted as a request for a certificate of appealability. Because defendant had already sought authorization to file a second or successive motion regarding *Davis* claims and this Court's original denial of his § 2255 motion, the Sixth Circuit denied a certificate of

2

appealability as futile [Doc. 34, No. 3:16-cv-307]. Defendant then filed the instant motions.

## II.     Standard of Review

As a threshold matter, the Court must determine whether defendant's motions for relief have been properly brought under Rule 60(b) or whether they should be considered as a second or successive § 2255 motion. In the context of § 2255 relief, Rule 60(b) is not intended to raise new grounds for relief or challenge the merits of the district court's order but to resolve "some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). If a Rule 60(b) motion raises new "claims" after having already litigated a § 2255 motion or if the motion attacks the federal court's previous resolution of a claim on the merits, the Court must interpret defendant's Rule 60(b) motion as a second or successive § 2255 motion. *Id.* (holding that "for purposes of § 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims,'" even if raised in a Rule 60(b) motion); *In re Nailor*, 487 F.3d 1018, 1022–23 (6th Cir. 2007) (applying *Gonzalez* in the § 2255 context and holding that a Rule 60(b) motion should be considered a § 2255 motion if it challenges the prior resolution of a claim "*on the merits*").

## III.    Analysis

Defendant here argues that *Davis* requires the Court to vacate Count Two because conspiracy to commit Hobbs Act Robbery does not qualify as a crime of violence [Doc. 302 p. 1]. Additionally, he claims Count Four must be dismissed for a violation of

3

the double jeopardy clause, challenges the sufficiency of the evidence to prove aiding and abetting under §924(c), and alleges due process violations in that the jury's verdict may not have been unanimous [Docs. 302, 311]. Defendant therefore does not challenge the integrity of the federal habeas proceedings but raises new claims and challenges the merits of this Court's prior order [Doc. 312 p. 3("[T]he courts [sic] approach was in error")]. The motion is therefore not properly considered under Rule 60(b) and should be interpreted as a successive § 2255 petition.

Under the "Antiterrorism and Effective Death Penalty Act of 1996," defendant cannot file a second or successive § 2255 petition in the district court until he has moved in the United States Court of Appeals for the Sixth Circuit for an order authorizing the district court to consider the motion. 28 U.S.C. § 2255(h). No such order has been received by this Court. Accordingly, the Clerk is **DIRECTED** to **TRANSFER** defendant's filings [Docs. 302, 311] to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

IT IS SO ORDERED.

s/ Thomas A. Varlan_____
UNITED STATES DISTRICT JUDGE

4